UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-11475GAO

_____
                                            )
James M. Morrissey,                         )
    Plaintiff,                               )
                                            )
v.                                          )
                                            )
Metropolitan Life Insurance Company,        )
    Defendant.                               )
_____)

## ANSWER OF METROPOLITAN LIFE INSURANCE COMPANY

Defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of plaintiff's complaint as follows.

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first line of paragraph 1. In response to the second and third lines of paragraph 1, MetLife states only that it is a plan fiduciary for the Raytheon Company Short Term Disability Benefits Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Otherwise denied.

2. The defendant states that paragraph 2 states legal conclusions and a characterization of the complaint as to which no response is required.

3. In response to paragraph 3, the defendant states that the paragraph violates the requirements of Rule 8 of the Federal Rules of Civil Procedure, which require a short, plain statement of the claim. Without waiving this objection, the defendant responds to paragraph 3 as follows. The defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations in lines one and two. Further responding, MetLife states that on or about March 11, 2003, as supplemented by a letter of March 27, 2003, MetLife informed the plaintiff that benefits for his claim submitted on February 14, 2003, were not payable. Further responding, defendant states that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, MetLife's correspondence speaks for itself and therefore, denies the allegations of the first four lines of paragraph 3. Further responding, the defendant states that on or about September 16, 2003, MetLife notified the plaintiff that the determination of the disallowance of short term disability benefits was proper. Further responding, defendant states that, to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence of September 16, 2003, MetLife's correspondence speaks for itself and therefore, denies the allegations contained in lines five through nine of paragraph 3. Further responding, MetLife states that the claim file was reviewed by Dr. Joseph Jares, an Independent Medical Consultant, who is board certified in Neurology. In response to lines ten and eleven of paragraph 3, MetLife states that in response to the plaintiff's request, relevant documents regarding his claim for benefits were forwarded to the plaintiff on or about October 28, 2003. In response to lines eleven through twenty, MetLife states that the determinations regarding the plaintiff's claims for benefits were not arbitrary and capricious, but rather were reasonably based on the evidence submitted by the plaintiff and contained in the claim file, were made in good faith, in accordance with the terms of the Plan and applicable law. The defendant otherwise denies the remaining allegations of paragraph 3. With respect to the last four lines of paragraph 3, the defendant states that these lines set forth requests for relief as to which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, in part, seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

To the extent (and without admitting that) Mr. Morrissey is entitled to recover any benefits under any of the Plans or policy at issue, such recovery is subject to setoffs under the terms of the Plans or policy.

### Fourth Affirmative Defense

To the extent (and without admitting that) Mr. Morrissey is entitled to benefits at this time, such immediate entitlement does not mean that Mr. Morrissey has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Fifth Affirmative Defense

The determinations by defendant regarding Mr. Morrissey's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Mr. Morrissey and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan or policy and applicable law.

### Sixth Affirmative Defense

All determinations made by any defendant with respect to Mr. Morrissey's claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents or policy.

### Seventh Affirmative Defense

The prayers for relief are barred to the extent the relief sought is not permitted by ERISA, or by law.

### Eighth Affirmative Defense

Plaintiff's claims are barred to the extent he failed to follow the requirements of the policy or plans in submitting his claims and appeals.

WHEREFORE, the defendant respectfully requests that the Court dismiss the complaint with prejudice, and award defendant its attorneys fees and costs.

        METROPOLITAN LIFE INSURANCE COMPANY,
By its attorneys,

/s/ Constance M. McGrane
_____

James F. Kavanaugh, Jr. BBO#262360
Constance M. McGrane BBO#546745
CONN KAVANAUGH ROSENTHAL PEISCH
  & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

DATED: September 19, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail on September 19, 2005.

/s/ Constance M. McGrane
Constance M. McGrane

235541.1